RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0370P (6th Cir.)
File Name: 02a0370p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

WILLIAM P. SCHLENK,
     *Plaintiff-Appellant,*

     *v.*
                      No. 01-5434

FORD MOTOR CREDIT
COMPANY,
     *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 99-00725—Edward H. Johnstone, Senior
District Judge.

Argued: August 7, 2002

Decided and Filed: October 25, 2002

Before: SUHRHEINRICH and BATCHELDER, Circuit
Judges; LITTLE, District Judge.*

_____

*The Honorable F. A. Little, Jr., United States District Judge for the
Western District of Louisiana, sitting by designation.

1

————————————

**COUNSEL**

**ARGUED:**  Richard A. Cordray, Grove City, Ohio, for Appellant.  Thomas M. Byrne, SUTHERLAND, ASBILL & BRENNAN, Atlanta, Georgia, for Appellee.  **ON BRIEF:** Mark D. Fischer, Mark McClure Sandmann, RAWLINGS & ASSOCIATES, Louisville, Kentucky, for Appellant. Thomas M. Byrne, Kristin B. Wilhelm, SUTHERLAND, ASBILL & BRENNAN, Atlanta, Georgia, for Appellee.

————————————

**OPINION**

————————————

F. A. LITTLE, JR., District Judge.  Today we consider an appeal by William P. Schlenk from the district court's order granting Ford Motor Credit Company's ("FMCC") motion to dismiss.  The district court granted FMCC's motion to dismiss Schlenk's claims under the Consumer Leasing Act and the Kentucky Consumer Protection Act.  The district court also dismissed a deceptive advertising claim and, thereby, terminated the case.

For the following reasons, we AFFIRM the district court's decision.

### I.  BACKGROUND

A.  *Statement of Facts*

Schlenk entered into a vehicle lease agreement with Bill Collins Ford, Inc.  A lease agreement, like a purchase agreement, is negotiable and subject to statutory regulation, as we shall later discuss.  Here, Schlenk negotiated a lease for a new truck having a total value of $22,279.  The dealer assigned the lease to FMCC.  In order to calculate Schlenk's monthly payments, FMCC subtracted the value of the vehicle Schlenk traded and the agreed upon residual value of the truck

conceal other fees under the heading rent charge, and, thus, deceive consumers by charging higher amounts. We do not agree with such a prediction. The statutes require financing companies to disclose the amount of the rent charge to potential lessees. Such disclosure allows consumers to calculate monthly payments prior to signing a lease. Armed with this knowledge, consumers can negotiate the rent charge to lower overall monthly payments or simply comparison shop for a better lease. Either way, an itemization of the rent charge does not necessarily affect the lessee's ability to receive a fair deal.

## C. *State Law Claims Were Correctly Dismissed.*

Appellant brings state claims under the Kentucky Consumer Protection Act ("KCPA"), K.R.S. 367.170, *et seq*. The KCPA states that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." K.R.S. § 367.170. Section 367.220(1) requires "ascertainable loss of money or property, real or personal" for actions brought under KCPA violations. Here Schlenk has failed to show any loss suffered as a result of FMCC not itemizing the rent charge. After concluding that the FMCC's disclosures were sufficient under the statutory requirements, we fail to see any "deceptive acts or practices" triggering the KCPA. We agree with the district court's dismissal of the state law claims.

## IV. CONCLUSION

For the forgoing reasons, we AFFIRM the district court's order to dismiss all of the Appellant's causes of action.

from the total price, leaving an amount of $3249.70. FMCC then added the rent charge of $3562.22, for a total of $6811.92. To calculate the monthly payment, FMCC divided $6811.92 by 24, the number of months of the two-year lease term. After sales tax, the monthly lease payments for Schlenk's vehicle amounted to $300.86.

At issue in this case is a $530 administrative fee that is included in the $3562.22 rent charge. The administrative fee is a type of handling fee that FMCC charges to process the lease. FMCC calculates the rent charge by taking 1/9th of 1% of the vehicle's net capitalized cost multiplied by the term of the lease. FMCC collects the fee on a pro rata basis each month. This case does not involve the amount of the fee or the fact that FMCC charged Schlenk an administrative fee. This dispute involves what level of itemization FMCC must disclose by law in regards to the administrative fees and rent charge.

## B. *Procedural History*

Schlenk initiated a class action complaint in the United States District Court, Western District of Kentucky, seeking damages and injunctive relief based on federal and state statutes. Schlenk alleged FMCC's practice of including the administrative fee under the heading "rent charge" violated Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, *et seq*., its implementing regulation Federal Reserve Board Regulation M ("Regulation M"), 12 C.F.R. § 213, *et seq*. and the Kentucky Consumer Protection Act ("KCPA"), K.R.S. 367.170, *et seq*. No class was certified.

FMCC moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted FMCC's motion to dismiss the CLA claims and the KCPA failure to disclose claim but retained the KCPA deceptive advertising claim. The district court later concluded the deceptive advertising prong was premised on the same statutory violations previously dismissed. The district court concluded that both of Schlenk's causes of action turned on FMCC's compliance, or lack of compliance, with Regulation

M.    Having decided that FMCC met the disclosure requirements of Regulation M, the district court terminated the case.  Schlenk filed a timely appeal.

## II.  JURISDICTION

The district court had jurisdiction over the action pursuant to 28 U.S.C. § 1331 as Schlenk filed a claim arising under a federal statute, CLA, 15 U.S.C. § 1667, *et seq*.  The district court had supplemental jurisdiction of Schlenk's state law claims under 28 U.S.C. § 1367.  This court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1291.

## III.  ANALYSIS

A. *Standard of Review*

We review de novo a district court's dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See United Food & Commercial Workers Int'l Union Local 911 v. United Food & Commercial Workers Int'l Union*, No. 00-4544, 2002 WL 1926139, at *2 (6th Cir. Apr. 24, 2002) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)).  In doing so, we "accept all well- pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff."  *Id.*

B. *Federal Statutes Do Not Require an Itemization of the Rent Charge.*

Schlenk denies that this case turns on whether the federal statutes require itemization of the rent charge.  Schlenk wants the court to decide the case based on "whether items which are required to be disclosed as part of the capitalized cost of a lease can be added to the rent charge to avoid the CLA's disclosure requirement." (Final Reply Br. of Appellants at 2). Appellant's framing of the issue begs the question.  If we were to agree with this interpretation of the issue, we would first have to assume that the statutes require disclosure of the administrative fee separate from including it under the rent charge.  Such an assumption necessarily decides the case.  We

view the issue as whether the CLA and Regulation M require FMCC to disclose the administrative fees to the consumer by itemizing the fees separate from the rent charge.

On the face of the statute, the CLA does not mandate any disclosure of the administrative fee or itemization of the rent charge.  Under section 1667a Consumer Lease Disclosures, the statute lists information that the lessor should provide to the lessee "in a clear and conspicuous manner."  15 U.S.C. § 1667a.  The list of required disclosures does not include administrative fees or the rent charge.  We turn to Regulation M to find support for Appellant's  claims.  Regulation M provides a list of disclosures for consumer leases.  12 C.F.R. § 213.4.  Regulation M specifically mentions "rent charge." The regulation describes  rent charge as "'the amount charged in addition to the depreciation and any amortized amounts.' This amount is the difference between the total of the base periodic payments over the lease term minus the depreciation and  any  amortized  amounts."   12 C.F.R. § 213.4 (f)(6). Regulation M requires that the payment calculation contain the rent charge, but section 213.4 (f)(6) does not obligate the financing company to itemize the rent charge.

To support his claim, Schlenk cites 12 C.F.R. § 213.4 (f)(10).  Section 213.4 (f)(10) requires "[a]n itemization of any other charges that are part of the periodic payment."  We do not agree with Appellant that the rent charge falls under the heading "other charges" and, thus, requires itemization. The term rent charge is specifically mentioned earlier in the regulation in section 213.4 (f)(6).  We agree with the district court's assertion that "[t]he word 'other' indicates that the itemization  mandated  by  12 C.F.R. § 213.4(f)(10) only applies to charges that were not specifically discussed earlier in the regulation."  *Schlenk v. Ford Motor Credit Co.*, No. 3:99-CV0725-H (W.D. Ky. Aug. 7, 2000).  Therefore, neither the CLA nor Regulation M requires FMCC to disclose the administrative fees and itemize the rent charge.

Schlenk argues further that without such an itemization of the rent charge, financing companies would have free reign to